## AFFIDAVIT OF SPECIAL AGENT

I, Jeremy Piburn, being first duly sworn, hereby depose and state as follows:

1. I am a Special Agent with the Social Security Administration, Office of Inspector General (SSA-OIG) and have been employed in this capacity with SSA-OIG since May 2015. I am a graduate of the Criminal Investigator Training Program and the Inspector General Criminal Investigator Academy, both held at the Federal Law Enforcement Training Center in Glynco, Georgia. During these programs, I received training in subject matters including financial fraud and internet crime investigations. Prior to becoming a Special Agent, I served as an Investigative Analyst with the Internal Revenue Service, Criminal Investigation Division for approximately four years during which, for approximately two years, I was a member of the Financial Crimes Task Force in the Southern District of Alabama. I also served four years in the United States Marine Corps as a Military Policeman, the training for which included the completion of the Basic Military Police Officer Course in Fort Leonard Wood, Missouri. I am a graduate of the University of South Alabama where I received a Baccalaureate Degree in History and Criminal Justice. In my twenty years of law enforcement service, I have investigated dozens of criminal cases involving identity theft, internet fraud, Social Security program fraud, and threats made against employees of the federal government.

2. This affidavit is submitted in support of an application for a criminal complaint charging **JOSEPH LEE MCCALEB** with making threats to assault, kidnap, or murder a United States official or United States judge with the intent to retaliate against such official on account of performance of official duties in violation of Title 18, United States Code, Section 115(a)(1). More specifically, **JOSEPH LEE MCCALEB**, threatened to murder Administrative Law Judge (ALJ)

F.B., an employee of the SSA, in retaliation for ALJ F.B.' decision to deny a SSA disability claim filed by **JOSEPH LEE MCCALEB**.

3. This affidavit is based upon my personal involvement in this investigation, my training and experience, and information provided to me by other law enforcement officials. It does not include each and every fact known to me about the investigation, but rather only those facts that I believe are sufficient to establish requisite probable cause. The conduct took place in Meridian, Mississippi, which is in the Northern Division of the Southern District of Mississippi.

## SUMMARY OF PROBABLE CAUSE

Between on or about October 27, 2025, and on or about November 4, 2025, **JOSEPH LEE MCCALEB** threatened to travel to ALJ F.B.'s residence and murder F.B. using a firearm in retaliation for ALJ F.B. denying **JOSEPH LEE MCCALEB**'s social security disability claim in 2023 as part of F.B.'s official duties.

## FACTS AND CIRCUMSTANCES

4. Between on or about October 27, 2025 and on or about November 4, 2025, **JOSEPH LEE MCCALEB**, while receiving in-patient care at Alliance Mental Health facility in Meridian, Mississippi, told S.C., a mental health therapist employed at the facility, that he intended to travel to ALJ F.B.'s residence and murder both her and her husband using an AR-15 firearm that he owned.

5. On November 6, 2025, I conducted an in-person interview of S.C. at Alliance Mental Health Facility in Meridian, Mississippi. S.C. told me that **JOSEPH LEE MCCALEB** stated to her on multiple occasions that he intended to murder ALJ F.B. and her husband due to

ALJ F.B.'s denial of his SSA disability claim. S.C. further stated that **JOSEPH LEE MCCALEB** informed her that he owned several AR-15 rifles, that he knew where ALJ F.B. resided, that he would travel to her residence upon release from Alliance Mental Health facility, and that he would shoot ALJ F.B. and her husband using one of the AR-15 rifles that he owned. According to records reviewed from the Social Security Administration, ALJ F.B. denied MCCALEB's claim for social security benefits on or about March 8, 2023 as part of her official duties as an administrative law judge.

6. S.C. statements to me were video recorded in their entirety using my agency issued Axon Body3 body-worn camera.

7. On November 6, 2025, I conducted a subject interview of **JOSEPH LEE MCCALEB** at Alliance Mental Health Facility in Meridian, Mississippi. The interview was video recorded in its entirety using my agency issued Axon Body3 body-worn camera.

8. **JOSEPH LEE MCCALEB** confirmed to me that ALJ F.B. was the SSA official responsible for the denial of his claims for SSA benefits. He denied making any of the threats alleged by S.C.. During my interview, **JOSEPH LEE MCCALEB** did spontaneously state, however, that ALJ F.B. was "evil and deserved to die a horrible death."

9. Wherefore, your Affiant respectfully submits that probable cause supports that **JOSEPH LEE MCCALEB** made unlawful threats to murder ALJ F.B. in retaliation for official acts taken during the performance of her official duties as an administrative law judge. The defendant confirmed his plan was in retaliation for the denial of his SSA disability claim by F.B. and was witnessed by S.C., a mental health therapist employed by the facility. The foregoing establishes probable cause to believe that **JOSEPH LEE MCCALEB** did knowingly threaten to

murder a United States official or United States judge with the intent to retaliate against such official or judge on account of the performance of official duties, in violation of Title 18, United States Code § 115(a)(1). Your Affiant therefore requests that the Court issue a warrant for **JOSEPH LEE MCCALEB** 's arrest.

10. Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means – Microsoft Teams video conference – in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested and sworn to before me this 6th day of November 2025.

JEREMY PIBURN
Special Agent

Attested and sworn before me this 6th day of November 2025.

HON. ANDREW S. HARRIS
UNITED STATES MAGISTRATE JUDGE