IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v. CRIMINAL NO. 3:25-cr-00129-CWR-ASH-1

JOSEPH LEE MCCALEB

**ORDER EXTENDING PERIOD OF COMMITMENT FOR TREATMENT PURSUANT TO 18 U.S.C. § 4241(d)(2)(A)**

On January 28, 2026, the Court found that Defendant Joseph Lee McCaleb was "suffering from a mental disease or defect rendering him mentally incompetent to the point that he cannot assist properly in his defense." Order [15]. As a result, the Court committed Defendant to the custody of the United States Attorney General for treatment in a suitable facility pursuant to 18 U.S.C. § 4241(d).

On June 25, 2026, the Court received a Forensic Evaluation Report [16] from Forensic Psychologist Megan Marks, Psy.D., concerning her evaluation of Defendant at the Federal Medical Center in Butner, North Carolina. Dr. Marks opines that Defendant is currently suffering from a mental disease that renders him not competent to stand trial. Report [16] at 13.

Dr. Marks further opines that "there is a substantial probability that he can be restored to competency." Report [16] at 14. She asks the Court to grant an additional period of restoration pursuant to 18 U.S.C. § 4241(d)(2), and she agrees to submit semi-annual reports concerning Defendant's competency to stand trial.

After reviewing the Report and the applicable law, the Court finds that Defendant is not competent to stand trial at this time. However, there is a substantial probability that Defendant could become competent to stand trial if he remains committed for an additional reasonable time.

IT IS THEREFORE ORDERED that pursuant to 18 U.S.C. § 4241(d)(2)(A), Defendant's hospitalization for treatment is EXTENDED for an additional reasonable period of time.

IT IS FURTHER ORDERED that semi-annual reports concerning Defendant's ability to stand trial shall be provided to the Court and to the parties as required by 18 U.S.C. § 4247(e)(A).

IT IS FURTHER ORDERED that the time between the date of the Motion for Psychiatric Exam, and the date on which the Court finally determines Defendant's competency to stand trial shall be a period of excludable delay under 18 U.S.C. §§ 3161(h)(1)(A), (F), and (H).

SO ORDERED AND ADJUDGED this the 2nd day of July, 2026.

Carlton W. Reeves
UNITED STATES DISTRICT JUDGE